## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

RAMON RICHARDS,

    Plaintiff,

      v.

GENERAL MILLS SALES, INC.,
AND H-E-B, LP D/B/A H-E-B
TEXAS 395 CORPORATE STORE,

    Defendants.

Civil Action No. <u>5:24-cv-317</u>

## DECLARATION OF BERTINA B. YORK IN SUPPORT OF NOTICE OF REMOVAL OF ACTION

I, Bertina B. York, declare:

1.    I am an attorney duly licensed to practice in the State of Texas and an attorney at the law firm of Norton Rose Fulbright US LLP. I am the attorney of record for Defendant General Mills Sales, Inc. ("General Mills"). I have personal knowledge of the facts contained in this Declaration, and if called upon to testify I would and could do so as set forth herein.

2.    On February 22, 2024, Plaintiff Ramon Richards ("Plaintiff") filed a civil action in the 224th Judicial District Court for the County of Bexar, titled *Ramon Richards v. General Mills, Inc., et al.*, Cause No. 2024CI03830. Plaintiff

asserts negligence, strict liability, product liability, *res ipsa loquitor*, and breach of warranty claims against General Mills, which stem from an alleged incident and subsequent injuries involving General Mills' Trix cereal on or around August 24, 2022. A true and correct copy of Plaintiff's First Amended Petition is attached hereto as **Exhibit A**.

3.      Plaintiff's Petition also names Defendant H-E-B, LP D/B/A H-E-B, Texas Corporate 395 Store ("H-E-B").

4.      On February 28, 2024, Plaintiff personally served General Mills through its agent for service of process. A true and correct copy of the Citations served on General Mills and H-E-B are attached hereto as **Exhibit B**.

5.      General Mills, at the time this action was commenced, was and still is a corporation organized under the laws of the State of Delaware, with its principal place of business in Minneapolis, Minnesota, and was not and is not organized under the laws of the State of Texas, wherein this action was brought.

6.      H-E-B at the time this action was commenced, was and still is a Texas Limited Partnership with its principal place of business in San Antonio, Texas. Undersigned counsel avers that Plaintiff improperly joined the non-diverse Defendant H-E-B, and their citizenship should not be considered in determining the propriety of removal under 28 U.S.C. § 1332. Nonetheless, H-E-B consents to removal of this action to this Court.

7.     Plaintiff's Petition alleges monetary damages "over Two Hundred and Fifty Thousand Dollars ($250,000.00)" arising from his claims. (Am. Pet. at ¶ 1.) According to Plaintiff's Petition, Plaintiff seeks pain and suffering, past and future medical expenses, future lost earnings and/or lost earning capacity, and costs of suit. (*Id.* at ¶ 32.) General Mills disputes that it is liable for any damages whatsoever to Plaintiff.

8.     A true and correct copy of all other process, pleadings, and orders served in this action at the time of this removal and known to General Mills are attached hereto as **Exhibit C**. I am informed and believe that no other process, pleadings, or orders have been filed, served, or received by General Mills in this case. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), to the best of undersigned counsel's knowledge, **Exhibit C** constitutes true and correct copies of all the process, pleadings, and orders served in this action at the time of this removal.

11. A true and correct copy of the Civil Cover Sheet is attached hereto as **Exhibit D**.

12. A true and correct copy of the most recent state court docket is attached hereto as **Exhibit E**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

3

Executed this 28th day of March, 2024, pursuant to the laws of the United States of America and the State of Texas, at Bexar County, San Antonio, Texas.

Dated: March 28, 2024

Bertina B. York (TX #03354500)
NORTON ROSE FULBRIGHT US LLP
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
T: (210) 270-9327
F: (210) 270-7205
bertina.york@nortonrosefulbright.com

# EXHIBIT A

FILED
2/22/2024 2:55 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Wendy Rodriguez
Bexar County - 224th District Court

## CAUSE NO. <u>2024CI03830</u>

| | | |
|---|---|---|
| RAMON RICHARDS, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | 224TH JUDICIAL DISTRICT |
| GENERAL MILLS SALES, INC., AND | § | |
| H-E-B, LP D/B/A H-E-B TEXAS | § | |
| CORPORATE 395 STORE | § | |
| DEFENDANTS. | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION WITH REQUESTS FOR INITIAL DISCLOSURES

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES RAMON RICHARDS, hereinafter referred to by name or as Plaintiff, and complains of **GENERAL MILLS SALES, INC.** ("Defendant GENERAL MILLS") **and H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 395 STORE** ("Defendant HEB") hereinafter referred to by names or as Defendants in the aggregate, and for cause of action would respectfully show unto the Court as follows:

### CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

1.      Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over Two Hundred and Fifty Thousand Dollars ($250,000.00) and a demand for judgment for all the other relief to which Plaintiff **RAMON RICHARDS** deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change. Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

1

Copy from re:SearchTX

## PARTIES

**2.**     Plaintiff, **RAMON RICHARDS**, is an individual who resides in San Antonio, Bexar County, Texas. Pursuant to Section 30.14 of the Texas Civil Practice & Remedies Code, Plaintiff provides the following information: the last three (3) numbers of Plaintiff's social security number are: 474.

**3.**     Defendant **GENERAL MILLS SALES INC**. is a Foreign For-Profit Corporation authorized to do business in the State of Texas and may be served with process through its registered agent, NATIONAL REGISTERED AGENTS, INC., 1999 Bryan St., Ste, 900, Dallas, Texas 75201. **Citation is hereby requested.**

**4.**     Defendant **H-E-B, LP D/B/A H-E-B, TEXAS CORPORATE 395 STORE** is a domestic limited partnership authorized to do business in the State of Texas and may be served with process through its registered agent, Abel Martinez, 646 South Flores St., San Antonio, Texas 78204. **Citation is hereby requested.**

## JURISDICTION & VENUE

**5.**     This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**6.**     Venue in Bexar County is proper in this Cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER, ALTER-EGO AND ASSUMED NAMES

**7.**     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff

2

Copy from re:SearchTX

relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to properly identify the corporate Defendants herein.

## **FACTS**

**8.**     Plaintiff was injured by consuming this product in the manner intended and foreseen by the Defendants. The product in question, breakfast cereal, is sold in a sealed plastic bag. The product is designed to be used for human consumption in the manner suggested by the manufacturer, to wit: Ready to Eat. Start by pouring your cereal into a bowl, then add milk and eat your cereal.

**9.**     On August 24, 2022, Plaintiff Ramon Richards was a customer shopping at Defendant HEB's store located at 12777 IH 10 WEST, San Antonio, Texas 78230 where he has purchased a 35 oz. bag of Trix Breakfast Cereal.  Plaintiff was injured by using the product in the manner described above and suggested on the packaging.  That is, Plaintiff opened the package, poured the breakfast into a bowl of cereal, and proceeded to eat the cereal. As Plaintiff was eating the cereal, he bit into a hard object.  Plaintiff felt instant pain in his teeth and jaw and heard a cracking sound in his mouth.  Plaintiff spit out from his mouth an object that was discovered to be a metal nail.  Pieces of Plaintiff's teeth also came out of his mouth.

**10.**     At no time did Plaintiff Ramon Richards alter the package or contents of the Trix bag of breakfast cereal.  The product was under the control and prepared by Defendants prior to Plaintiff consuming the product.

## **PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANTS**

**11.**     Plaintiff asserts that the product in question, a 35 oz. bag of Trix Breakfast Cereal, was defective and unsafe for its intended purpose at the time it left the control of Defendant GENERAL

Copy from re:SearchTX

MILLS and at the time it was sold by the retailer Defendant H-E-B.  Plaintiff further asserts that the product was defective in that it was improperly processed, manufactured, and sold with a dangerous foreign object, a metal nail, in the packaged cereal.

12.    Thus, as a proximate result of Defendants' negligent conduct, Plaintiff sustained injuries resulting in injuries and damages to Plaintiff as hereinafter set out.  Plaintiff asserts, therefore, that the incident was proximately caused by the negligence of Defendant H-E-B and Defendant GENERAL MILLS, and that said negligence was the proximate cause of the Plaintiff's bodily injuries and damages.

13.    Defendants breached the duty of care they owed to Plaintiff as a consumer and were both negligent and grossly negligent in their failure to exercise ordinary care in the safety of Plaintiff.  Plaintiff seeks all applicable damages available under Texas law.

14.    Due to the negligence of Defendant GENERAL MILLS and Defendant HEB" in packaging, distributing, and selling a product that was unfit for human consumption, Plaintiff Ramon Richards sustained injuries to his body, incurred medical expenses, and is likely to incur additional medical expenses in the future.

## STRICT LIABILITY CLAIMS AGAINST DEFENDANTS

15.    The Defendants, and each of them, who regularly engage in the business of manufacturing and selling packaged food products, sold a package of food that was adulterated, in that it contained a foreign body that made the food unreasonably dangerous for human consumption.  The product that the Defendants manufactures, packaged, sold contained a metal nail at the time it left the Defendants' possession and control.  Food that contains metal nails embedded within it is unreasonably dangerous for its ordinary and expected use, i.e., human consumption.  Such a product is thus in an unreasonably dangerous condition not contemplated by an ordinary consumer,

4

Copy from re:SearchTX

making it defective *per se*.  The packaged breakfast cereal was used by the Plaintiff in the manner expected and intended when Plaintiff consumed it.  The Plaintiff suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the product sold by the Defendants.  The Defendants are strictly liable to the Plaintiff for all damages proximately caused by their defective product.

## PRODUCT LIABILITY CLAIMS AGAINST DEFENDANT H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE

**16.**     On August 24, 2022, Plaintiff bought 35 oz. bag of Trix Breakfast Cereal from Defendant H-E-B.

**17.**     At all times material to this cause of action, Defendant H-E-B was the owner of and/or controlled the subject premises, located at 12777 IH 10 WEST, San Antonio, Texas 78230.

**18.**     At the time of this occurrence, Defendant H-E-B was engaged in the retail business of selling food, including the bag of Trix Breakfast Cereal described above, to the general public.

**19.**     At the time Plaintiff opened the bag of Trix Breakfast Cereal and consumed its contents, the bag was in the same packaging as originally manufactured and as it was at the time it was sold to him by Defendant H-E-B.

## PRODUCT LIABILITY CLAIMS BY MANUFACTURER DEFENDANT GENERAL MILLS SALES INC.

**20.**     At the time of this occurrence, Defendant GENERAL MILLS SALES, INC., was engaged in the business of manufacturing and packaging cereals products, including bags of Trix Breakfast Cereal, for sale to and for use by members of the general public. Defendant placed the Trix Breakfast Cereal Bag into the stream of commerce by H-E-B.

**21.**     Defendant GENERAL MILLS was negligent in the processing, manufacturing, marketing and distribution of the bag of Trix Breakfast Cereal in that its product was defective and was

5

Copy from re:SearchTX

packaged with a dangerous foreign object (a metal nail).   Further, Defendant GENERAL MILLS failed to warn the public and Plaintiff of the dangerous foreign object contained within its product.

22.     Plaintiff asserts that each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

## BREACH OF EXPRESS WARRANTY

23.     Plaintiff further asserts that Defendant GENERAL MILLS and Defendant H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE each expressly warranted that their food product, a 35 oz. bag of Trix Breakfast Cereal, would be fit for human consumption or otherwise would not have a dangerous foreign object (a metal nail) in it.  Defendants, and each of them, breached said warranty by selling Plaintiff a 35 oz. bag of Trix Breakfast Cereal with a metal nail in it.

24.     As a proximate result of said breach of express warranties by the Defendants, and each of them, Plaintiff was seriously injured, experienced pain and suffering, mental anguish and incurred medical bills.

## BREACH OF EXPRESS WARRANTY

25.     Plaintiff asserts that Defendant GENERAL MILLS and Defendant H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE each impliedly warranted that their food product, a 35 oz. bag of Trix Breakfast Cereal, would be fit for human consumption or otherwise would not have a dangerous foreign object (a metal nail) in it.  Defendants, and each of them, breached said warranty by selling Plaintiff a 35 oz. bag of Trix Breakfast Cereal with a metal nail in it.

26.     As a proximate result of said breach of implied warranties by the Defendants, and each of them, Plaintiff was seriously injured, experienced pain and suffering, mental anguish and incurred medical bills.

Copy from re:SearchTX

## RES IPSA LOQUITUR

**27.**    Plaintiff cannot more specifically allege the acts of negligent manufacture or design on the part of Defendant GENERAL MILLS, because facts in the regard are peculiarly within the knowledge of the Defendant. In the alternative, in the event Plaintiff is unable to prove specific acts of negligent design or manufacture, Plaintiff relies on the doctrine of *res ipsa loquitur*.

**28.**    In this connection, negligent design or manufacture, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have in the absence of negligence, and the design and manufacture of the bag of Trix Breakfast Cereal was within the exclusive control of the Defendant GENERAL MILLS at the time of the negligence probably occurred.

**29.**    Plaintiff had no means of ascertaining the method or manner in which the product was designed and manufactured, and it came into Plaintiff's possession in the same condition it was in when it left in the control of the Defendant GENERAL MILLS. Thus, Defendant GENERAL MILLS was negligent in the design and/or manufacture of the Trix Breakfast Cereal bag, and such negligence was a proximate cause of injuries and damages sustained by Plaintiff.

## DAMAGES

**30.**    As a direct result of the conduct of Defendants and their agents, servants, and employees, Plaintiff suffered severe injuries to his tooth.  These injuries are permanent in nature.  The injuries have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of the deterioration of his body for long into the future if not for the balance of his natural life.  As a result of the nature and consequences of his injuries, Plaintiff has

Copy from re:SearchTX

suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.  By reason of all the above Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.

31.    As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention.  These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for the services. As a further result of the injuries sustained by Plaintiff, there is reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

32.    As a proximate cause of the Defendants' negligent conduct and the resulting collision, Plaintiff seeks to recover damages, which specifically include, but are not limited to, the following:

1.    Medical expenses in the past;

2.    Medical expenses that in all reasonable probability will be incurred in the future, including the cost of medical monitoring and prevention in the future;

3.    Physical pain and suffering in the past;

4.    Physical pain and suffering that will in all reasonable probability be incurred in the future;

5.    Physical impairment, including loss of enjoyment of life, in the past;

6.    Physical impairment, including loss of enjoyment of life, which in all reasonable probability, will be suffered in the future;

7.    Physical Disfigurement in the past;

8.    Physical Disfigurement that in all reasonable probability will be incurred in the future;

9.    Mental anguish in the past;

10.    Mental anguish that in all reasonable probability will be incurred in the future;

11.    Lost wages in the past; and

12.    Loss of future wage-earning capacity;

Copy from re:SearchTX

**33.**     By reason of all of the above, Plaintiff **RAMON RICHARDS** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

<u>**INTEREST**</u>

**34.**     Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

<u>**DEMAND FOR JURY TRIAL**</u>

**35.**     Plaintiff demands a trial by jury.  Plaintiff acknowledges payment on this date of the required jury fee.

<u>**REQUEST FOR DISCLOSURE**</u>

**36.**     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, all parties named herein as Defendants are to disclose, within thirty (30) days following the first Answer or general appearance of Defendants, the information and material described in the TEXAS RULES OF CIVIL PROCEDURE 194.2(a)-(l).

<u>**NOTICE OF SELF AUTHENTICATION**</u>

**37.**     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives notice to all parties that they intend to use all documents, materials and other discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents and materials which Defendant produces in response to Plaintiff's written discovery requests.

<u>**DESIGNATED E-SERVICE EMAIL ADDRESS**</u>

**38**.     The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

mark.acuna@martinez-law.com;    claudia.acuna@martinez-law.com;    frances.gonzales@martinez-

Copy from re:SearchTX

law.com.  This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **RAMON RICHARDS**, respectfully prays that Defendants **H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE AND GENERAL MILLS SALES, INC.,** be cited to appear and answer herein, and that Plaintiff be awarded a judgment against Defendants for the following:

a.     Actual and compensatory damages;

b.     Pre and post judgment interest at the maximum rate allowable by law;

c.     Any and all applicable costs of court; and

d.     Any and all such other and further relief to which Plaintiff may be entitled to, at law or in equity.

RESPECTFULLY SUBMITTED,

By: */s/ Mark Anthony Acuna*
Mark Anthony Acuna
Texas Bar No. 24064044
mark.acuna@martinez-law.com
Desi I. Martinez
Texas Bar No. 24053342
desi.martinez@martinez-law.com

MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Tel. (210) 359-8250
Fax (210) 359-8255

*Attorneys for Plaintiff*

10

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Claudia Acuna on behalf of Mark Acuna
Bar No. 24064044
claudia.acuna@martinez-law.com
Envelope ID: 84803022
Filing Code Description: FIRST AMENDED PETITION
Filing Description: WITH REQUESTS FOR INITIAL DISCLOSURES
Status as of 2/26/2024 8:08 AM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 2/22/2024 2:55:00 PM | SENT |
| Frances Gonzales | | frances.gonzales@martinez-law.com | 2/22/2024 2:55:00 PM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 2/22/2024 2:55:00 PM | SENT |

Copy from re:SearchTX

# EXHIBIT B

FILED
3/1/2024 11:41 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Garland Carter
Bexar County - 224th District Court

Case 5:24-cv-00317-JKP    Document 1-1    Filed 03/28/24    Page 18 of 60

PRIVATE PROCESS

**Case Number: 2024CI03830**

Ramon Richards VS General Mills Sales, Inc. ET AL
(Note: Attached Document May Contain Additional
Litigants)

IN THE **224TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

<u>CITATION</u>

"THE STATE OF TEXAS"

Directed To:     **General Mills Sales, Inc.**

         **BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **First Amended Original Petition With Requests For Initial Disclosures** was filed **on this the 22nd day of February, 2024.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 26th day of February, 2024.**

**MARK ANTHONY ACUNA**
**ATTORNEY FOR PLAINTIFF**
**2828 Goliad RD STE 125**
**San Antonio TX 78223-3967**



Gloria A. Martinez
**Bexar County District Clerk**
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Rosa Aguilera-Rodriguez
Rosa Aguilera-Rodriguez, Deputy

---

RAMON RICHARDS VS GENERAL MILLS SALES, INC. ET AL

Case Number: 2024CI03830
224th District Court

**Officer's Return**

I received this CITATION on the 26 day of February, 20 24 at 1212 o'clock P M. and ( ) executed it by delivering a copy of the CITATION with attached **FIRST AMENDED ORIGINAL PETITION WITH REQUESTS FOR INITIAL DISCLOSURES** the date of delivery endorsed on it to the defendant National Registered Agents For General Mills sales Inc in person on the 28 day of Feburary, 2024 at 1116 o'clock A M.

at 1999 Bryan St. Ste. 900    City Dallas    State TX   Zip 75201

or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS Marus Diaz

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is Marus Diaz, my date of birth is 10/18/67, and my address is 1172 W. Pioneer Pkwy Tarrant County. Arlington, Tx 76013

I declare under penalty of perjury that the foregoing is true and correct. Executed in Tarrant County, State of Texas, on the 28 day of Feburary, A.D. 2024.

Marus Diaz
PSC# 13928
Expires 5/31/24
         **Declarant**

LACHANDRA CHANEY
Notary Public, State of Texas
Comm. Expires 10-05-2025
Notary ID 133372456

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Frances Gonzales on behalf of Mark Acuna
Bar No. 24064044
frances.gonzales@martinez-law.com
Envelope ID: 85096672
Filing Code Description: Return of Service Successful
Filing Description: H-E-B, LP
Status as of 3/4/2024 12:07 PM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frances Gonzales | | frances.gonzales@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |

Copy from re:SearchTX

FILED
3/1/2024 11:41 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Garland Carter
Bexar County - 224th District Court

Case 5:24-cv-00317-JKP    Document 1-1    Filed 03/28/24    Page 20 of 60

PRIVATE PROCESS

Case Number: **2024CI03830**

Ramon Richards VS General Mills Sales, Inc. ET AL
(Note: Attached Document May Contain Additional
Litigants)

IN THE **224TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:    **H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 395 STORE
BY SERVING ITS REGISTERED AGENT, ABEL MARTINEZ**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **First Amended Original Petition With Requests For Initial Disclosures** was filed **on this the 22nd day of February, 2024.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 26th day of February, 2024.**

**MARK ANTHONY ACUNA
ATTORNEY FOR PLAINTIFF
2828 Goliad RD STE 125
San Antonio TX 78223-3967**



**Gloria A. Martinez**
Bexar County District Clerk
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Rosa Aguilera-Rodriguez
Rosa Aguilera-Rodriguez, Deputy

---

RAMON RICHARDS VS GENERAL MILLS SALES, INC. ET AL

Case Number: 2024CI03830
224th District Court

**Officer's Return**

I received this CITATION on the 26 day of February 20 24 at 1:00 o'clock P M. and ( ) executed it by delivering a copy of the CITATION with attached **FIRST AMENDED ORIGINAL PETITION WITH REQUESTS FOR INITIAL DISCLOSURES** the date of delivery endorsed on it to the defendant

HEB LP D/B/A HEB Texas Corporate 395 Store through its Representative Sarah Luna person on the 27 day of February, 20 24 at 10:23 o'clock A M.

at 646 S. Flores St City San Antonio State TX Zip 78204

or ( ) not executed because _____

Fees: _____ Badge/PPS #: 16578 Date certification expires 04/30/2025

Travis County, Texas
BY: Christian Amani Gonzalez

OR: VERIFICATION OF RETURN (if not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is Christian Amani Gonzalez, my date of birth is 01/30/1988, and my address is P.O. Box 12681 Austin TX 78711 Travis County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Bexar County, State of Texas, on the 27 day of February, A.D. 2023.

Christian Amani Gonzalez
Declarant

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Frances Gonzales on behalf of Mark Acuna
Bar No. 24064044
frances.gonzales@martinez-law.com
Envelope ID: 85096672
Filing Code Description: Return of Service Successful
Filing Description: H-E-B, LP
Status as of 3/4/2024 12:07 PM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Frances Gonzales | | frances.gonzales@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |

Copy from re:SearchTX

# EXHIBIT C

FILED
2/20/2024 3:43 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Brenda Carrillo
Bexar County - 224th District Court

Case 5:24-cv-00317-JKP    Document 1-1    Filed 03/28/24    Page 23 of 60

2 citpps / sac 2

## 2024CI03830

### CAUSE NO. _____

| | | |
|---|---|---|
| **RAMON RICHARDS,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | |
| | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |
| **GENERAL MILLS SALES, INC., AND** | § | |
| **H-E-B, LP D/B/A H-E-B TEXAS** | § | |
| **CORPORATE 395 STORE** | § | |
| **DEFENDANTS.** | § | **BEXAR COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION
### WITH REQUESTS FOR INITIAL DISCLOSURES

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES RAMON RICHARDS,** hereinafter referred to by name or as Plaintiff, and complains of **GENERAL MILLS SALES, INC.** ("Defendant GENERAL MILLS") **and H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 395 STORE** ("Defendant HEB") hereinafter referred to by names or as Defendants in the aggregate, and for cause of action would respectfully show unto the Court as follows:

### CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

**1.**      Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over Two Hundred and Fifty Thousand Dollars ($250,000.00) and a demand for judgment for all the other relief to which Plaintiff **RAMON RICHARDS** deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change. Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

1

Copy from re:SearchTX

## PARTIES

**2.**      Plaintiff, **RAMON RICHARDS**, is an individual who resides in San Antonio, Bexar County, Texas. Pursuant to Section 30.14 of the Texas Civil Practice & Remedies Code, Plaintiff provides the following information: the last three (3) numbers of Plaintiff's social security number are: 474.

**3.**      Defendant **GENERAL MILLS SALES INC**., is a Foreign For-Profit Corporation authorized to do business in the State of Texas and may be served with process through its registered agent, NATIONAL REGISTERED AGENTS, INC., 1999 Bryan St., Ste, 900, Dallas, Texas 75201. **Citation is hereby requested.**

**4.**      Defendant **H-E-B, LP D/B/A H-E-B, TEXAS CORPORATE 395 STORE** is a domestic limited partnership authorized to do business in the State of Texas and may be served with process through its registered agent, Abel Martinez, 646 South Flores St., San Antonio, Texas 78204. **Citation is hereby requested.**

## JURISDICTION & VENUE

**5.**      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**6.**      Venue in Bexar County is proper in this Cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER, ALTER-EGO AND ASSUMED NAMES

**7.**      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff

2

Copy from re:SearchTX

relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to properly identify the corporate Defendants herein.

## FACTS

**8.**     Plaintiff was injured by consuming this product in the manner intended and foreseen by the Defendants. The product in question, breakfast cereal, is sold in a sealed plastic bag. The product is designed to be used for human consumption in the manner suggested by the manufacturer, to wit: Ready to Eat. Start by pouring your cereal into a bowl, then add milk and eat your cereal.

**9.**     On August 24, 2022, Plaintiff Ramon Richards was a customer shopping at Defendant HEB's store located at 12777 IH 10 WEST, San Antonio, Texas 78230 where he has purchased a 35 oz. bag of Trix Breakfast Cereal.  Plaintiff was injured by using the product in the manner described above and suggested on the packaging.  That is, Plaintiff opened the package, poured the breakfast into a bowl of cereal, and proceeded to eat the cereal. As Plaintiff was eating the cereal, he bit into a hard object.  Plaintiff felt instant pain in his teeth and jaw and heard a cracking sound in his mouth.  Plaintiff spit out from his mouth an object that was discovered to metal screw. Pieces of Plaintiff's teeth also came out of his mouth.

10.     At no time did Plaintiff Ramon Richards alter the package or contents of the Trix bag of breakfast cereal.  The product was under the control and prepared by Defendants prior to Plaintiff consuming the product.

## **PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANTS**

**10.**     Plaintiff asserts that the product in question, a 35 oz. bag of Trix Breakfast Cereal, was defective and unsafe for its intended purpose at the time it left the control of Defendant GENERAL

Copy from re:SearchTX

MILLS and at the time it was sold by the retailer Defendant H-E-B. Plaintiff further asserts that the product was defective in that it was improperly processed, manufactured, and sold with a dangerous foreign object, a metal screw, in the packaged cereal.

11.    Thus, as a proximate result of Defendants' negligent conduct, Plaintiff sustained injuries resulting in injuries and damages to Plaintiff as hereinafter set out. Plaintiff asserts, therefore, that the incident was proximately caused by the negligence of Defendant H-E-B and Defendant GENERAL MILLS, and that said negligence was the proximate cause of the Plaintiff's bodily injuries and damages.

12.    Defendants breached the duty of care they owed to Plaintiff as a consumer and were both negligent and grossly negligent in their failure to exercise ordinary care in the safety of Plaintiff. Plaintiff seeks all applicable damages available under Texas law.

13.    Due to the negligence of Defendant GENERAL MILLS and Defendant HEB" in packaging, distributing, and selling a product that was unfit for human consumption, Plaintiff Ramon Richards sustained injuries to his body, incurred medical expenses, and is likely to incur additional medical expenses in the future.

## STRICT LIABILITY CLAIMS AGAINST DEFENDANTS

00.    The Defendants, and each of them, who regularly engage in the business of manufacturing and selling packaged food products, sold a package of food that was adulterated, in that it contained a foreign body that made the food unreasonably dangerous for human consumption. The product that the Defendants manufactures, packaged, sold contained a metal nail at the time it left the Defendants' possession and control. Food that contains metal nails embedded within it is unreasonably dangerous for its ordinary and expected use, i.e., human consumption. Such a product is thus in an unreasonably dangerous condition not contemplated by an ordinary consumer,

4

Copy from re:SearchTX

making it defective *per se*.  The packaged breakfast cereal was used by the Plaintiff in the manner

expected and intended when Plaintiff consumed it.  The Plaintiff suffered injury and damages as a

direct and proximate result of the defective and unreasonably dangerous condition of the product

sold by the Defendants.  The Defendants are strictly liable to the Plaintiff for all damages

proximately caused by their defective product.

**PRODUCT LIABILITY CLAIMS AGAINST DEFENDANT**
**H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE**

**13.**     On August 24, 2022, Plaintiff bought 35 oz. bag of Trix Breakfast Cereal from Defendant

H-E-B.

**14.**     At all times material to this cause of action, Defendant H-E-B was the owner of and/or

controlled the subject premises, located at 12777 IH 10 WEST, San Antonio, Texas 78230.

**15.**     At the time of this occurrence, Defendant H-E-B was engaged in the retail business of

selling food, including the bag of Trix Breakfast Cereal described above, to the general public.

**16.**     At the time Plaintiff opened the bag of Trix Breakfast Cereal and consumed its contents,

the bag was in the same packaging as originally manufactured and as it was at the time it was sold

to him by Defendant H-E-B.

**PRODUCT LIABILITY CLAIMS BY MANUFACTURER**
**DEFENDANT GENERAL MILLS SALES INC.**

**17.**     At the time of this occurrence, Defendant GENERAL MILLS SALES, INC., was engaged

in the business of manufacturing and packaging cereals products, including bags of Trix Breakfast

Cereal, for sale to and for use by members of the general public. Defendant placed the Trix

Breakfast Cereal Bag into the stream of commerce by H-E-B.

**18.**     Defendant GENERAL MILLS was negligent in the processing, manufacturing, marketing

and distribution of the bag of Trix Breakfast Cereal in that its product was defective and was

Copy from re:SearchTX

packaged with a dangerous foreign object (a metal screw).    Further, Defendant GENERAL MILLS failed to warn the public and Plaintiff of the dangerous foreign object contained within its product.

**19.**    Plaintiff asserts that each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

## BREACH OF EXPRESS WARRANTY

**20.**    Plaintiff further asserts that Defendant GENERAL MILLS and Defendant H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE each expressly warranted that their food product, a 35 oz. bag of Trix Breakfast Cereal, would be fit for human consumption or otherwise would not have a dangerous foreign object (a metal screw) in it.  Defendants, and each of them, breached said warranty by selling Plaintiff a 35 oz. bag of Trix Breakfast Cereal with a metal screw in it.

**21.**    As a proximate result of said breach of express warranties by the Defendants, and each of them, Plaintiff was seriously injured, experienced pain and suffering, mental anguish and incurred medical bills.

## BREACH OF EXPRESS WARRANTY

**22.**    Plaintiff asserts that Defendant GENERAL MILLS and Defendant H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE each impliedly warranted that their food product, a 35 oz. bag of Trix Breakfast Cereal, would be fit for human consumption or otherwise would not have a dangerous foreign object (a metal screw) in it.  Defendants, and each of them, breached said warranty by selling Plaintiff a 35 oz. bag of Trix Breakfast Cereal with a metal screw in it.

**23.**    As a proximate result of said breach of implied warranties by the Defendants, and each of them, Plaintiff was seriously injured, experienced pain and suffering, mental anguish and incurred

Copy from re:SearchTX

medical bills.

## **RES IPSA LOQUITUR**

**24.**     Plaintiff cannot more specifically allege the acts of negligent manufacture or design on the part of Defendant GENERAL MILLS, because facts in the regard are peculiarly within the knowledge of the Defendant. In the alternative, in the event Plaintiff is unable to prove specific acts of negligent design or manufacture, Plaintiff relies on the doctrine of *res ipsa loquitur*.

**25.**     In this connection, negligent design or manufacture, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have in the absence of negligence, and the design and manufacture of the bag of Trix Breakfast Cereal was within the exclusive control of the Defendant GENERAL MILLS at the time of the negligence probably occurred.

**26.**     Plaintiff had no means of ascertaining the method or manner in which the product was designed and manufactured, and it came into Plaintiff's possession in the same condition it was in when it left in the control of the Defendant GENERAL MILLS. Thus, Defendant GENERAL MILLS was negligent in the design and/or manufacture of the Trix Breakfast Cereal bag, and such negligence was a proximate cause of injuries and damages sustained by Plaintiff.

## **DAMAGES**

**27.**     As a direct result of the conduct of Defendants and their agents, servants, and employees, Plaintiff suffered severe injuries to his tooth.  These injuries are permanent in nature.  The injuries have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of the deterioration of his body for long into the future if not for

Copy from re:SearchTX

the balance of his natural life. As a result of the nature and consequences of his injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life. By reason of all the above Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.

28.    As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for the services. As a further result of the injuries sustained by Plaintiff, there is reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

29.    As a proximate cause of the Defendants' negligent conduct and the resulting collision, Plaintiff seeks to recover damages, which specifically include, but are not limited to, the following:

1.    Medical expenses in the past;

2.    Medical expenses that in all reasonable probability will be incurred in the future, including the cost of medical monitoring and prevention in the future;

3.    Physical pain and suffering in the past;

4.    Physical pain and suffering that will in all reasonable probability be incurred in the future;

5.    Physical impairment, including loss of enjoyment of life, in the past;

6.    Physical impairment, including loss of enjoyment of life, which in all reasonable probability, will be suffered in the future;

7.    Physical Disfigurement in the past;

8.    Physical Disfigurement that in all reasonable probability will be incurred in the future;

9.    Mental anguish in the past;

10.    Mental anguish that in all reasonable probability will be incurred in the future;

11.    Lost wages in the past; and

12.    Loss of future wage-earning capacity;

Copy from re:SearchTX

30.     By reason of all of the above, Plaintiff **RAMON RICHARDS** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

## INTEREST

31.     Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## DEMAND FOR JURY TRIAL

32.     Plaintiff demands a trial by jury.  Plaintiff acknowledges payment on this date of the required jury fee.

## REQUEST FOR DISCLOSURE

33.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, all parties named herein as Defendants are to disclose, within thirty (30) days following the first Answer or general appearance of Defendants, the information and material described in the TEXAS RULES OF CIVIL PROCEDURE 194.2(a)-(l).

## NOTICE OF SELF AUTHENTICATION

34.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives notice to all parties that they intend to use all documents, materials and other discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents and materials which Defendant produces in response to Plaintiff's written discovery requests.

## DESIGNATED E-SERVICE EMAIL ADDRESS

35.     The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

mark.acuna@martinez-law.com;    claudia.acuna@martinez-law.com;    frances.gonzales@martinez-

Copy from re:SearchTX

law.com.  This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **RAMON RICHARDS**, respectfully prays that Defendants **H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE AND GENERAL MILLS SALES, INC.,** be cited to appear and answer herein, and that Plaintiff be awarded a judgment against Defendants for the following:

a.    Actual and compensatory damages;

b.    Pre and post judgment interest at the maximum rate allowable by law;

c.    Any and all applicable costs of court; and

d.    Any and all such other and further relief to which Plaintiff may be entitled to, at law or in equity.

RESPECTFULLY SUBMITTED,

By: */s/ Mark Anthony Acuna*
Mark Anthony Acuna
Texas Bar No. 24064044
mark.acuna@martinez-law.com
Desi I. Martinez
Texas Bar No. 24053342
desi.martinez@martinez-law.com

MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Tel. (210) 359-8250
Fax (210) 359-8255

*Attorneys for Plaintiff*

10

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Claudia Acuna on behalf of Mark Acuna
Bar No. 24064044
claudia.acuna@martinez-law.com
Envelope ID: 84703209
Filing Code Description: Petition
Filing Description:
Status as of 2/21/2024 8:13 AM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 2/20/2024 3:43:49 PM | SENT |
| Frances Gonzales | | frances.gonzales@martinez-law.com | 2/20/2024 3:43:49 PM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 2/20/2024 3:43:49 PM | SENT |

FILED
2/22/2024 2:55 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Wendy Rodriguez
Bexar County - 224th District Court

Case 5:24-cv-00317-JKP    Document 1-1    Filed 03/28/24    Page 34 of 60

## CAUSE NO. <u>2024CI03830</u>

| | | |
|---|---|---|
| RAMON RICHARDS, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | 224TH JUDICIAL DISTRICT |
| GENERAL MILLS SALES, INC., AND | § | |
| H-E-B, LP D/B/A H-E-B TEXAS | § | |
| CORPORATE 395 STORE | § | |
| DEFENDANTS. | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION
### WITH REQUESTS FOR INITIAL DISCLOSURES

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **NOW COMES RAMON RICHARDS,** hereinafter referred to by name or as Plaintiff, and complains of **GENERAL MILLS SALES, INC.** ("Defendant GENERAL MILLS") **and H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 395 STORE** ("Defendant HEB") hereinafter referred to by names or as Defendants in the aggregate, and for cause of action would respectfully show unto the Court as follows:

### <u>CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN</u>

**1.** Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over Two Hundred and Fifty Thousand Dollars ($250,000.00) and a demand for judgment for all the other relief to which Plaintiff **RAMON RICHARDS** deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change. Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

Copy from re:SearchTX

## PARTIES

**2.**    Plaintiff, **RAMON RICHARDS**, is an individual who resides in San Antonio, Bexar County, Texas. Pursuant to Section 30.14 of the Texas Civil Practice & Remedies Code, Plaintiff provides the following information: the last three (3) numbers of Plaintiff's social security number are: 474.

**3.**    Defendant **GENERAL MILLS SALES INC**. is a Foreign For-Profit Corporation authorized to do business in the State of Texas and may be served with process through its registered agent, NATIONAL REGISTERED AGENTS, INC., 1999 Bryan St., Ste, 900, Dallas, Texas 75201. **Citation is hereby requested.**

**4.**    Defendant **H-E-B, LP D/B/A H-E-B, TEXAS CORPORATE 395 STORE** is a domestic limited partnership authorized to do business in the State of Texas and may be served with process through its registered agent, Abel Martinez, 646 South Flores St., San Antonio, Texas 78204. **Citation is hereby requested.**

## JURISDICTION & VENUE

**5.**    This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**6.**    Venue in Bexar County is proper in this Cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER, ALTER-EGO AND ASSUMED NAMES

**7.**    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff

2

Copy from re:SearchTX

relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to properly identify the corporate Defendants herein.

## **FACTS**

**8.**    Plaintiff was injured by consuming this product in the manner intended and foreseen by the Defendants. The product in question, breakfast cereal, is sold in a sealed plastic bag. The product is designed to be used for human consumption in the manner suggested by the manufacturer, to wit: Ready to Eat. Start by pouring your cereal into a bowl, then add milk and eat your cereal.

**9.**    On August 24, 2022, Plaintiff Ramon Richards was a customer shopping at Defendant HEB's store located at 12777 IH 10 WEST, San Antonio, Texas 78230 where he has purchased a 35 oz. bag of Trix Breakfast Cereal.  Plaintiff was injured by using the product in the manner described above and suggested on the packaging.  That is, Plaintiff opened the package, poured the breakfast into a bowl of cereal, and proceeded to eat the cereal. As Plaintiff was eating the cereal, he bit into a hard object.  Plaintiff felt instant pain in his teeth and jaw and heard a cracking sound in his mouth.  Plaintiff spit out from his mouth an object that was discovered to be a metal nail.  Pieces of Plaintiff's teeth also came out of his mouth.

**10.**    At no time did Plaintiff Ramon Richards alter the package or contents of the Trix bag of breakfast cereal.  The product was under the control and prepared by Defendants prior to Plaintiff consuming the product.

## **PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANTS**

**11.**    Plaintiff asserts that the product in question, a 35 oz. bag of Trix Breakfast Cereal, was defective and unsafe for its intended purpose at the time it left the control of Defendant GENERAL

Copy from re:SearchTX

MILLS and at the time it was sold by the retailer Defendant H-E-B.  Plaintiff further asserts that the product was defective in that it was improperly processed, manufactured, and sold with a dangerous foreign object, a metal nail, in the packaged cereal.

12.    Thus, as a proximate result of Defendants' negligent conduct, Plaintiff sustained injuries resulting in injuries and damages to Plaintiff as hereinafter set out.  Plaintiff asserts, therefore, that the incident was proximately caused by the negligence of Defendant H-E-B and Defendant GENERAL MILLS, and that said negligence was the proximate cause of the Plaintiff's bodily injuries and damages.

13.    Defendants breached the duty of care they owed to Plaintiff as a consumer and were both negligent and grossly negligent in their failure to exercise ordinary care in the safety of Plaintiff. Plaintiff seeks all applicable damages available under Texas law.

14.    Due to the negligence of Defendant GENERAL MILLS and Defendant HEB" in packaging, distributing, and selling a product that was unfit for human consumption, Plaintiff Ramon Richards sustained injuries to his body, incurred medical expenses, and is likely to incur additional medical expenses in the future.

## STRICT LIABILITY CLAIMS AGAINST DEFENDANTS

15.    The Defendants, and each of them, who regularly engage in the business of manufacturing and selling packaged food products, sold a package of food that was adulterated, in that it contained a foreign body that made the food unreasonably dangerous for human consumption.  The product that the Defendants manufactures, packaged, sold contained a metal nail at the time it left the Defendants' possession and control.  Food that contains metal nails embedded within it is unreasonably dangerous for its ordinary and expected use, i.e., human consumption.  Such a product is thus in an unreasonably dangerous condition not contemplated by an ordinary consumer,

Copy from re:SearchTX

making it defective *per se*. The packaged breakfast cereal was used by the Plaintiff in the manner expected and intended when Plaintiff consumed it. The Plaintiff suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the product sold by the Defendants. The Defendants are strictly liable to the Plaintiff for all damages proximately caused by their defective product.

### PRODUCT LIABILITY CLAIMS AGAINST DEFENDANT H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE

16.     On August 24, 2022, Plaintiff bought 35 oz. bag of Trix Breakfast Cereal from Defendant H-E-B.

17.     At all times material to this cause of action, Defendant H-E-B was the owner of and/or controlled the subject premises, located at 12777 IH 10 WEST, San Antonio, Texas 78230.

18.     At the time of this occurrence, Defendant H-E-B was engaged in the retail business of selling food, including the bag of Trix Breakfast Cereal described above, to the general public.

19.     At the time Plaintiff opened the bag of Trix Breakfast Cereal and consumed its contents, the bag was in the same packaging as originally manufactured and as it was at the time it was sold to him by Defendant H-E-B.

### PRODUCT LIABILITY CLAIMS BY MANUFACTURER DEFENDANT GENERAL MILLS SALES INC.

20.     At the time of this occurrence, Defendant GENERAL MILLS SALES, INC., was engaged in the business of manufacturing and packaging cereals products, including bags of Trix Breakfast Cereal, for sale to and for use by members of the general public. Defendant placed the Trix Breakfast Cereal Bag into the stream of commerce by H-E-B.

21.     Defendant GENERAL MILLS was negligent in the processing, manufacturing, marketing and distribution of the bag of Trix Breakfast Cereal in that its product was defective and was

Copy from re:SearchTX

packaged with a dangerous foreign object (a metal nail).    Further, Defendant GENERAL MILLS

failed to warn the public and Plaintiff of the dangerous foreign object contained within its product.

22.    Plaintiff asserts that each and all of the foregoing acts and or omissions were negligent and

constituted negligence and were each and all the proximate cause of the incident which forms the

basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

## BREACH OF EXPRESS WARRANTY

23.    Plaintiff further asserts that Defendant GENERAL MILLS and Defendant H-E-B, LP D/B/A

H-E-B TEXAS CORPORATE 025 STORE each expressly warranted that their food product, a 35

oz. bag of Trix Breakfast Cereal, would be fit for human consumption or otherwise would not have a

dangerous foreign object (a metal nail) in it.  Defendants, and each of them, breached said warranty

by selling Plaintiff a 35 oz. bag of Trix Breakfast Cereal with a metal nail in it.

24.    As a proximate result of said breach of express warranties by the Defendants, and each of

them, Plaintiff was seriously injured, experienced pain and suffering, mental anguish and incurred

medical bills.

## BREACH OF EXPRESS WARRANTY

25.    Plaintiff asserts that Defendant GENERAL MILLS and Defendant H-E-B, LP D/B/A H-E-B

TEXAS CORPORATE 025 STORE each impliedly warranted that their food product, a 35 oz. bag

of Trix Breakfast Cereal, would be fit for human consumption or otherwise would not have a

dangerous foreign object (a metal nail) in it.  Defendants, and each of them, breached said warranty

by selling Plaintiff a 35 oz. bag of Trix Breakfast Cereal with a metal nail in it.

26.    As a proximate result of said breach of implied warranties by the Defendants, and each of

them, Plaintiff was seriously injured, experienced pain and suffering, mental anguish and incurred

medical bills.

Copy from re:SearchTX

## RES IPSA LOQUITUR

**27.**    Plaintiff cannot more specifically allege the acts of negligent manufacture or design on the part of Defendant GENERAL MILLS, because facts in the regard are peculiarly within the knowledge of the Defendant. In the alternative, in the event Plaintiff is unable to prove specific acts of negligent design or manufacture, Plaintiff relies on the doctrine of *res ipsa loquitur*.

**28.**    In this connection, negligent design or manufacture, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have in the absence of negligence, and the design and manufacture of the bag of Trix Breakfast Cereal was within the exclusive control of the Defendant GENERAL MILLS at the time of the negligence probably occurred.

**29.**    Plaintiff had no means of ascertaining the method or manner in which the product was designed and manufactured, and it came into Plaintiff's possession in the same condition it was in when it left in the control of the Defendant GENERAL MILLS. Thus, Defendant GENERAL MILLS was negligent in the design and/or manufacture of the Trix Breakfast Cereal bag, and such negligence was a proximate cause of injuries and damages sustained by Plaintiff.

## DAMAGES

**30.**    As a direct result of the conduct of Defendants and their agents, servants, and employees, Plaintiff suffered severe injuries to his tooth.  These injuries are permanent in nature.  The injuries have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of the deterioration of his body for long into the future if not for the balance of his natural life.  As a result of the nature and consequences of his injuries, Plaintiff has

Copy from re:SearchTX

suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.  By reason of all the above Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.

31.     As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention.  These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for the services. As a further result of the injuries sustained by Plaintiff, there is reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

32.     As a proximate cause of the Defendants' negligent conduct and the resulting collision, Plaintiff seeks to recover damages, which specifically include, but are not limited to, the following:

1.  Medical expenses in the past;

2.  Medical expenses that in all reasonable probability will be incurred in the future, including the cost of medical monitoring and prevention in the future;

3.  Physical pain and suffering in the past;

4.  Physical pain and suffering that will in all reasonable probability be incurred in the future;

5.  Physical impairment, including loss of enjoyment of life, in the past;

6.  Physical impairment, including loss of enjoyment of life, which in all reasonable probability, will be suffered in the future;

7.  Physical Disfigurement in the past;

8.  Physical Disfigurement that in all reasonable probability will be incurred in the future;

9.  Mental anguish in the past;

10. Mental anguish that in all reasonable probability will be incurred in the future;

11. Lost wages in the past; and

12. Loss of future wage-earning capacity;

Copy from re:SearchTX

33.    By reason of all of the above, Plaintiff **RAMON RICHARDS** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

<u>**INTEREST**</u>

34.    Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

<u>**DEMAND FOR JURY TRIAL**</u>

35.    Plaintiff demands a trial by jury.  Plaintiff acknowledges payment on this date of the required jury fee.

<u>**REQUEST FOR DISCLOSURE**</u>

36.    Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, all parties named herein as Defendants are to disclose, within thirty (30) days following the first Answer or general appearance of Defendants, the information and material described in the TEXAS RULES OF CIVIL PROCEDURE 194.2(a)-(l).

<u>**NOTICE OF SELF AUTHENTICATION**</u>

37.    Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives notice to all parties that they intend to use all documents, materials and other discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents and materials which Defendant produces in response to Plaintiff's written discovery requests.

<u>**DESIGNATED E-SERVICE EMAIL ADDRESS**</u>

38.    The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: mark.acuna@martinez-law.com;    claudia.acuna@martinez-law.com;    frances.gonzales@martinez-

Copy from re:SearchTX

law.com.  This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **RAMON RICHARDS**, respectfully prays that Defendants **H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 025 STORE AND GENERAL MILLS SALES, INC.,** be cited to appear and answer herein, and that Plaintiff be awarded a judgment against Defendants for the following:

a.      Actual and compensatory damages;

b.      Pre and post judgment interest at the maximum rate allowable by law;

c.      Any and all applicable costs of court; and

d.      Any and all such other and further relief to which Plaintiff may be entitled to, at law or in equity.

RESPECTFULLY SUBMITTED,

By: */s/ Mark Anthony Acuna*
Mark Anthony Acuna
Texas Bar No. 24064044
mark.acuna@martinez-law.com
Desi I. Martinez
Texas Bar No. 24053342
desi.martinez@martinez-law.com

MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Tel. (210) 359-8250
Fax (210) 359-8255

*Attorneys for Plaintiff*

10

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Claudia Acuna on behalf of Mark Acuna
Bar No. 24064044
claudia.acuna@martinez-law.com
Envelope ID: 84803022
Filing Code Description: FIRST AMENDED PETITION
Filing Description: WITH REQUESTS FOR INITIAL DISCLOSURES
Status as of 2/26/2024 8:08 AM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 2/22/2024 2:55:00 PM | SENT |
| Frances Gonzales | | frances.gonzales@martinez-law.com | 2/22/2024 2:55:00 PM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 2/22/2024 2:55:00 PM | SENT |

Copy from re:SearchTX

FILED
3/1/2024 11:41 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Garland Carter
Bexar County - 224th District Court

Case 5:24-cv-00317-JKP    Document 1-1    Filed 03/28/24    Page 45 of 60

PRIVATE PROCESS

Case Number:  **2024CI03830**

Ramon Richards VS General Mills Sales, Inc. ET AL
(Note: Attached Document May Contain Additional
Litigants)

IN THE **224TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

<u>CITATION</u>

"THE STATE OF TEXAS"

Directed To:     **General Mills Sales, Inc.**

               **BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **First Amended Original Petition With Requests For Initial Disclosures** was filed **on this the 22nd day of February, 2024.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT  on this the 26th day of February, 2024.

**MARK ANTHONY ACUNA**
**ATTORNEY FOR PLAINTIFF**
**2828 Goliad RD STE 125**
**San Antonio TX 78223-3967**



Gloria A. Martinez
**Bexar County District Clerk**
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Rosa Aguilera-Rodriguez
Rosa Aguilera-Rodriguez, Deputy

---

RAMON RICHARDS VS GENERAL MILLS SALES, INC. ET AL

Case Number: 2024CI03830
224th District Court

**Officer's Return**

I received this CITATION on the __26__ day of __February__, 20__24__  at __1212__ o'clock __P__ M. and ( ) executed it by delivering a copy of the CITATION

with attached **FIRST AMENDED ORIGINAL PETITION WITH REQUESTS FOR INITIAL DISCLOSURES** the date of delivery endorsed on it to the defendant __National Registered Agents__ __for General Mills sales Inc__  in person on the __28__ day of __Feburary__, 20__24__ at __1116__  o'clock __A__ M.

at __1999 Bryan st. Ste.900__           City __Dallas__           State__TX__  Zip __75201__

or ( ) not executed because _____.

Fees: _____    Badge/PPS #: _____    Date certification expires: _____

_____ County, Texas

BY: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS __Marcus Diaz__

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is __Marcus Diaz__ _____, my date of birth is __10/18/67__ _____, and my address is __1172 W. Pioneer Pkwy__ __Tarrant__ County. __Arlington, Tx  76013__
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ __Tarrant__ _____ County, State of Texas,
on the __28__ day of __Feburary__, A.D., 20__24__.

__Marcus Diaz__
PSC# 13928
Expires 3/31/24
**Declarant**

LACHANDRA CHANEY
Notary Public, State of Texas
Comm. Expires 10-05-2025
Notary ID 133372456

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Frances Gonzales on behalf of Mark Acuna
Bar No. 24064044
frances.gonzales@martinez-law.com
Envelope ID: 85096672
Filing Code Description: Return of Service Successful
Filing Description: H-E-B, LP
Status as of 3/4/2024 12:07 PM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Frances Gonzales | | frances.gonzales@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |

Copy from re:SearchTX

FILED
3/1/2024 11:41 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Garland Carter
Bexar County - 224th District Court

Case 5:24-cv-00317-JKP    Document 1-1    Filed 03/28/24    Page 47 of 60

PRIVATE PROCESS

**Case Number: 2024CI03830**

Ramon Richards VS General Mills Sales, Inc. ET AL
(Note: Attached Document May Contain Additional
Litigants)

IN THE **224TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:    **H-E-B, LP D/B/A H-E-B TEXAS CORPORATE 395 STORE**
**BY SERVING ITS REGISTERED AGENT, ABEL MARTINEZ**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **First Amended Original Petition With Requests For Initial Disclosures** was filed **on this the 22nd day of February, 2024.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 26th day of February, 2024.**

**MARK ANTHONY ACUNA**
**ATTORNEY FOR PLAINTIFF**
**2828 Goliad RD STE 125**
**San Antonio TX 78223-3967**



**Gloria A. Martinez**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
By: /s/ Rosa Aguilera-Rodriguez
**Rosa Aguilera-Rodriguez, Deputy**

---

RAMON RICHARDS VS GENERAL MILLS SALES, INC. ET AL

Case Number: 2024CI03830
224th District Court

**Officer's Return**

I received this CITATION on the 26 day of February 20 24 at 1:00 o'clock P M. and (I) executed it by delivering a copy of the CITATION with attached FIRST AMENDED ORIGINAL PETITION WITH REQUESTS FOR INITIAL DISCLOSURES the date of delivery endorsed on it to the defendant HEB LP D/B/A HEB Texas Corporate 395 Store through its Representative Sarah Luna person on the 27 day of February, 20 24 at 10:23 o'clock A M.

at 646 S. Flores St ___ City San Antonio State TX Zip 78204

or ( ) not executed because _____

Fees: _____ Badge/PPS #: 116570 Date certification expires 04/30/2025
Travis County, Texas
BY: Christian Amani Gonzalez

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is Christian Amani Gonzalez , my date of birth is 01/30/1988 , and my address is
P.O. Box 12681 Austin Tx 78711 Travis County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Bexar County, State of Texas,
on the 27 day of February , A.D. 2023 .

Christian Amani Gonzalez
Declarant

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Frances Gonzales on behalf of Mark Acuna
Bar No. 24064044
frances.gonzales@martinez-law.com
Envelope ID: 85096672
Filing Code Description: Return of Service Successful
Filing Description: H-E-B, LP
Status as of 3/4/2024 12:07 PM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Frances Gonzales | | frances.gonzales@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 3/1/2024 11:41:28 AM | SENT |

Copy from re:SearchTX

FILED
3/25/2024 9:10 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Wendy Rodriguez
Bexar County - 224th District Court

Case 5:24-cv-00317-JKP    Document 1-1    Filed 03/28/24    Page 49 of 60

CAUSE NO.  2024-CI-03830

| | | |
|---|---|---|
| RAMON RICHARDS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| GENERAL MILLS SALES, INC., AND | § | |
| H-E-B, LP D/B/A H-E-B TEXAS | § | |
| CORPORATE 395 STORE | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES H-E-B, LP, a Defendant in the above-entitled cause, and files this its Original Answer, and in support thereof would respectfully show the Court as follows:

### I.    GENERAL DENIAL

1.    Defendant denies each and every allegation *of Plaintiff's First Amended Original Petition With Requests for Initial Disclosures*, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### II.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff recovers nothing of and from Defendant and that Defendant receives all costs of Court, attorney's fees, and such other and further relief, both at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

By: _Ronald E. Mendoza_
         RONALD E. MENDOZA
         Texas Bar No. 13937700
         RICARDO G. CEDILLO
         Texas Bar No. 04043600
         JOSEPH L. KORBEL
         Texas Bar No. 24127174

**DAVIS, CEDILLO & MENDOZA, INC.**
755 E. Mulberry Ave., Ste. 250
San Antonio, Texas 78212
Telephone:    210.822.6666
Facsimile:    210.660.3795
Email:    rcedillo@lawdcm.com
Email:    jkorbel@lawdcm.com

**ATTORNEYS FOR DEFENDANT**
**H-E-B, LP**

## CERTIFICATE OF SERVICE

I certify that on the 25th day of March, 2024, a true and correct copy of the foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure:

Mark Anthony Acuna
Desi I. Martinez
mark.acuna@martinez-law.com
desi.martinez@martinez-law.com
claudia.acuna@martinez-law.com
frances.gonzales@martinez-law.com
**MARTINEZ & ASSOCIATES, PLLC**
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
*Attorneys for Plaintiff*

_Ronald E. Mendoza_
**RONALD E. MENDOZA**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth  Keefe on behalf of Ronald Mendoza
Bar No. 13937700
ekeefe@lawdcm.com
Envelope ID: 85900783
Filing Code Description: ORIGINAL ANSWER OF
Filing Description: H-E-B, LP
Status as of 3/27/2024 8:38 AM CST

Associated Case Party: Ramon Richards

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark AnthonyAcuna | | mark.acuna@martinez-law.com | 3/25/2024 9:10:09 AM | SENT |
| Frances Gonzales | | frances.gonzales@martinez-law.com | 3/25/2024 9:10:09 AM | SENT |
| Claudia Acuna | | claudia.acuna@martinez-law.com | 3/25/2024 9:10:09 AM | SENT |

Associated Case Party: H-E-B, LP.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ronald E.Mendoza | | rmendoza@lawdcm.com | 3/25/2024 9:10:09 AM | SENT |
| Joseph Korbel | | jkorbel@lawdcm.com | 3/25/2024 9:10:09 AM | SENT |
| Ricardo G.Cedillo | | rcedillo@lawdcm.com | 3/25/2024 9:10:09 AM | SENT |
| Liz Keefe | | ekeefe@lawdcm.com | 3/25/2024 9:10:09 AM | SENT |
| Debra Arriola | | darriola@lawdcm.com | 3/25/2024 9:10:09 AM | SENT |

Copy from re:SearchTX

# EXHIBIT D

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ramon Richards

### DEFENDANTS

General Mills Sales, Inc., and H-E-B, LP d/b/a H-E-B Texas Corporate 395 Store

**(b)** County of Residence of First Listed Plaintiff  Bexar County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Hennepin County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark Anthony Acuna, Desi I. Martinez, Martinez & Associates, PLLC, 2828 Goliad Rd., Ste. 125, SA, TX 782223: (210)359-8250

Attorneys *(If Known)*
Counsel for General Mills, Inc.: Bertina B. York, Norton Rose Fulbright US LLP, 111 W. Houston St., Ste. 1800, SA, TX 78205: (210) 270-7146 and Charmaine Harris, Norton Rose

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [X] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441, and 1446

Brief description of cause:
Product liability action.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
Mar 27, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Bertina B. York

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Attorneys for Defendants (Continued):

Counsel for General Mills, Inc.: Bertina B. York, Norton Rose Fulbright US LLP, 111 W. Houston St., Ste. 1800, SA, TX 78205; (210) 270-7146 and Charmaine Harris, Norton Rose Fulbright US LLP, 60 South Sixth Street, Ste. 3100, Minneapolis, MN 55402; (612) 321-2800.

Counsel for H-E-B, LP: Ronald E. Mendoza, Davis, Cedillo & Mendoza, Inc., 755 E. Mulberry Ave., Ste. 250, SA, TX 78212; (210)822-6666.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
San Antonio                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal.  Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION:**

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

Ramon Richards v. General Mills Sales, Inc., and H-E-B, LP d/b/a H-E-B Texas Corporate 395 Store; Cause No. 2024CI03830 in the 224th District Court, Bexar County, Texas.

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

Ramon Richards                          2/20/2024
Party Name                              Date

**STATE COURT INFORMATION:**

1.      List all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Plaintiff, Ramon Richards
Defendant, General Mills Sales, Inc.
Defendant, H-E-B, LP d/b/a H-E-B Texas Corporate 395 Store

See additional comments section on p. 3 for complete list of attorneys of record for each party.

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

None.

3.    List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

  None.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.    List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

  None.

**VERIFICATION**:

Bertina B. York                                         03/28/2024

Attorney for Removing Party                 Date

Defendant, General Mills Sales, Inc.

Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**:

Attorneys for Plaintiff, Ramon Richards:
Mark Anthony Acuna
Texas Bar No. 24064044
Desi I. Martinez
Texas Bar No. 24053342
Martinez & Associates, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Tel. (210) 359-8250
Fax (210) 359-8255
Email: mark.acuna@martinez-law.com
Email: desi.martinez@martinez-law.com
E-Service Email: claudia.acuna@martinez-law.com
E-Service Email: frances.gonzales@martinez-law.com


Attorneys for Defendant, H-E-B, LP d/b/a H-E-B Texas Corporate 395 Store:
Ronald E. Mendoza
Texas Bar No. 13937700
Ricardo G. Cedillo
Texas Bar No. 04043600
Joseph L. Korbel
Texas Bar No. 24127174
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave., Ste. 250
San Antonio, Texas 78212
Tel. (210) 822-6666
Fax (210) 660-3795
Email: rcedillo@lawdcm.com
Email: jkorbel@lawdcm.com

Attorneys for Defendant, General Mills Sales, Inc.:
Bertina B. York (TX #03354500)
Norton Rose Fulbright US LLP
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
Tel. (210) 270-7146
Fax (210) 270-7205
Email: bertina.york@nortonrosefulbright.com

# EXHIBIT E

### 224th District Court

# Case Summary

### Case No. 2024CI03830

| | | | |
|---|---|---|---|
| **Ramon Richards VS General Mills Sales, Inc. ET AL** | § | Location: | **224th District Court** |
| | § | Judicial Officer: | **224th, District Court** |
| | § | Filed on: | **02/20/2024** |

---

## Case Information

| | |
|---|---|
| Case Type: | OTHER PRODUCT LIABILITY |
| Case Status: | **02/20/2024   Pending** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2024CI03830 |
| Court | 224th District Court |
| Date Assigned | 02/20/2024 |
| Judicial Officer | 224th, District Court |

---

## Party Information

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Richards, Ramon** | **ACUNA, MARK ANTHONY**<br>***Retained*** |
| **Defendant** | **General Mills Sales, Inc.** | |
| | **H-E-B, LP** | |
| | **H-E-B, LP.** | **MENDOZA, RONALD EDWIN**<br>***Retained*** |

## Events and Orders of the Court

02/20/2024    New Cases Filed (OCA)

02/20/2024    PETITION

02/22/2024    FIRST AMENDED PETITION
              *WITH REQUESTS FOR INITIAL DISCLOSURES*

02/26/2024    **Citation**
              General Mills Sales, Inc.
              Served: 02/28/2024
              H-E-B, LP
              Served: 02/27/2024

03/01/2024    RETURN OF SERVICE - SUCCESSFUL
              *H-E-B, LP*

03/01/2024    RETURN OF SERVICE - SUCCESSFUL
              *GENERAL MILLS SALES, INC*

03/25/2024    ORIGINAL ANSWER OF
              *H-E-B, LP*